UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JUSTIN JAMES SCHNEIDER,<br><br>        Plaintiff,<br><br>vs.<br><br>LT. BADHAND, Standing Rock B.I.A,<br><br>        Defendant. | 3:24-CV-03008-ECS<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND 1915A SCREENING** |

Plaintiff, Justin James Schneider, an inmate at the South Dakota State Penitentiary,[1] filed a pro se lawsuit. Doc. 1. He moves for leave to proceed in forma pauperis, Doc. 2, and submitted his prisoner trust account report, Doc. 6. He also moves for the appointment of counsel. Doc. 3.

**I. Motion for Leave to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

---

[1] At the time Schneider filed his complaint, he was incarcerated at the Hughes County Jail, Doc. 1, but he was transferred to the Faulk County Jail, Doc. 8. He has since been transferred to the South Dakota State Penitentiary, in Sioux Falls, South Dakota. See Offender Locator, S.D. Dep't of Corr, https://doc.sd.gov/adult/lookup/ (last visited Oct. 24, 2024).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Schneider reports an average monthly balance for the past six months in his prisoner trust account of $50.00 and an average monthly deposit of $200.00. Doc. 6 at 1. Based on this information, this Court grants Schneider leave to proceed in forma pauperis and waives the initial partial filing fee because his initial filing fee would be greater than his current balance. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Schneider must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Schneider's institution. Schneider remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. Factual Background

On June 20, 2023, in Bullhead, South Dakota, Lieutenant Badhand, an employee of the Bureau of Indian Affairs (BIA) from the Standing Rock Agency, shot Schneider in the back as Schneider was walking away. Doc. 1 at 1, 3. Schneider sustained life-threatening injuries from the gunshot. Id. at 1.

Schneider does not specify if he sues Badhand in his individual or official capacity.[2] See generally id. Schneider requests that this Court terminate Badhand from his job as a police officer and asks that this Court investigate Badhand because of reports of misconduct "from other things he has done as a police officer." Id. at 3. He also requests that the Court "look into and investagate the Standing Rock B.I.A. Policys do to non-enrolled members on the reservation." Id. (spelling and grammar errors in original). Schneider also seeks money damages of an unspecified amount because he is "[n]ot able to really put price on another person shooting another person." Id. at 4.

## III. Legal Background

The court must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

---

[2] If the "complaint does not include an express statement that [he] is suing the individual defendants in their individual capacities, we consider [his] suit to be against the defendants in their official capacity." Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016) (internal quotation omitted). Thus, Schneider sues Badhand in his official capacity only.

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 554-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court will now screen Schneider's complaint under 28 U.S.C. § 1915A.

IV.   **Legal Analysis**

Liberally construing Schneider's complaint, he alleges an excessive force claim under the Fourth Amendment. See Doc. 1 at 1, 3. Schneider sues Badhand in his official capacity seeking injunctive relief and money damages. Id. at 3–4. See also supra n.2. "A suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent." Stanko v. Oglala Sioux Tribe, 916 F.3d 694, 697 (8th Cir. 2019) (quoting McMillian v. Monroe Cnty., 520 U.S. 781, 785 n.2 (1997) (cleaned up)). Schneider claims that

Badhand is a police officer employed by the BIA. Doc. 1 at 1, 3. The BIA is a federal agency that's mission is "to enhance the quality of life, to promote economic opportunity, and to carry out the responsibility to protect and improve the trust assets of American Indians, Indian tribes, and Alaska Natives." Bureau of Indian Affairs (BIA), USA.gov, https://www.usa.gov/agencies/bureau-of-indian-affairs (last visited Oct. 24, 2024). Thus, a suit against Badhand in his official capacity is a suit against the United States. See Searcy v. Donelson, 204 F.3d 797, 798 (8th Cir. 2000) (citing Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998)); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989) (per curiam) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." (citing Burgos v. Milton, 709 F.2d 1, 2 (1st Cir. 1983)).

"[A] claimant cannot bring a suit against a federal officer in his official capacity seeking money damages for a constitutional violation." D'Addabbo v. United States, 316 F. App'x 722, 726 (10th Cir. 2008). See also McBride v. Coleman, 955 F.2d 571, 576 (8th Cir. 1992) ("Absent an express waiver of sovereign immunity, money awards cannot be imposed against the United States." (citation omitted)); Browning v. Pennerton, 2008 WL 4791491, at *2 (E.D. Ken. Oct. 24, 2008) ("The law is settled that damages cannot be sought against federal employees in their official capacities."); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991) ("a Bivens claim may not be asserted against a federal officer in his official capacity"). Thus, Schneider's Fourth Amendment claim against Badhand in his official capacity for money damages is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).[3]

---

[3] Even if this Court were to liberally construe Schneider's official capacity claim for money damages as a battery claim against the United States arising under the Federal Tort Claims Act (FTCA), it would still be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). See

5

Scheider also requests injunctive relief against Badhand in his official capacity. Doc. 1 at 3. Under the Administrative Procedure Act,

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. See also Raz v. Lee, 343 F.3d 936, 938 (8th Cir. 2003) (per curiam) (holding that § 702 waives sovereign immunity for claims for nonmonetary relief brought against the United States).

The Fourth Amendment guarantees the right to be free from excessive force during an arrest. Jackson v. Stair, 944 F.3d 704, 710 (8th Cir. 2019) (citing Graham v. Connor, 490 U.S. 386, 394–95 (1989)). The Supreme Court "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. "[T]he Fourth Amendment requires us to ask, from the perspective of a reasonable officer on the scene, 'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" Franklin v. Peterson, 878 F.3d 631, 635 (8th Cir. 2017) (quoting Graham, 490 U.S. at 397). Here, Scheider claims that Badhand shot him in the back

---

28 U.S.C. § 1346(b)(1) (permitting recovery of money damages from the United States for certain torts caused by government employees acting within the scope of their duties). The "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). Schneider has not alleged that he has exhausted his remedies under the FTCA before filing suit; thus, Schneider's claim under the FTCA is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to exhaust. See also Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996) (holding that exhaustion is a jurisdictional prerequisite before filing a FTCA claim in district court).

when Schneider was walking away. Doc. 1 at 1, 3. This Court cannot determine at this stage that Schneider's complaint is wholly without merit.

However, Schneider seeks injunctive relief that this Court does not have authority to grant based upon the allegations in his complaint. Thus, Schneider may file an amended complaint seeking relief other than money damages that this Court may grant. Failure to file an amended complaint within **thirty days** will result in the dismissal without prejudice of Schneider's complaint for failure to prosecute.[4]

### V.     Motion to Appoint Counsel

Schneider moves for the appointment of counsel. Doc. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. Id. At this time, Schneider's claim does not appear to be complex, and he is able to investigate the facts and present his claim adequately. This Court believes that Schneider is capable of pursuing his claim pro se at this phase of litigation, and his motion for appointment of counsel, Doc. 3, is denied.

---

[4] When filing an amended complaint, Schneider must comply with the Federal Rules of Civil Procedure; Schneider must also comply with this Court's local rules, which require that "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1. "[A]n amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir 2000)). Thus, all claims that Schneider seeks to bring against defendant must be included in an amended complaint.

VI. Conclusion

Thus, it is ORDERED:

1. That Schneider's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

2. That the Clerk of Court will send a copy of this order to the appropriate financial official at Schneider's institution.

3. That the institution having custody of Schneider is directed that whenever the amount in Schneider's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Schneider's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid.

4. That Schneider's Fourth Amendment claim against Badhand in his official capacity for money damages is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

5. That Schneider may file an amended complaint seeking relief other than money damages that this Court may grant. Failure to file an amended complaint within **thirty days** will result in the dismissal without prejudice of Schneider's complaint for failure to prosecute.

6. That Schneider's motion to appoint counsel, Doc. 3, is denied.

DATED October 30, 2024.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE